UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETH A. BODI,<br><br>        Plaintiff,<br><br>   v.<br><br>SHINGLE SPRINGS BAND OF MIWOK INDIANS; and DOES 1 through 15, inclusive,<br><br>        Defendants. | No.  CIV. S-13-1044 LKK/CKD<br><br>**ORDER** |

    Plaintiff Beth A. Bodi's Second Amended Complaint ("SAC," ECF No. 17) alleges that she was wrongfuly terminated from her employment in violation of federal and state law. Defendants Shingle Springs Band of Miwok Indians ("Tribe"), Shingle Springs Tribal Health Program, Shingle Springs Tribal Health Board, and Brenda Adams have moved to dismiss the SAC; a hearing on the motion is currently scheduled for January 13, 2014. (ECF No. 18.) Having reviewed the parties' filings, the court will continue the hearing so that the parties may brief an issue relating to the topic of tribal sovereign immunity.

////

1    It is well-settled that Indian tribes possess "the common-
2 law immunity from suit traditionally enjoyed by sovereign
3 powers." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).
4 "Absent congressional or tribal consent to suit, state and
5 federal courts have no jurisdiction over Indian tribes; only
6 consent gives the courts the jurisdictional authority to
7 adjudicate claims raised by or against tribal defendants." Pan
8 Am. Co. v. Sycuan Band of Mission Indians, 884 F.2d 416, 418 (9th
9 Cir. 1989).
10    The basis of defendants' motion is that the Tribe, as a
11 federally-recognized tribal entity, is immune from suit, and that
12 the other defendants are similarly immune due to their
13 relationship with the Tribe. In opposition, plaintiff argues that
14 Congress abrogated tribal sovereign immunity in enacting the
15 Family and Medical Leave Act of 1993; alternatively, she argues
16 that defendants have waived immunity through their actions.
17    The court is concerned by a predicate question: whether the
18 Tribe waived sovereign immunity by removing the action to federal
19 court.
20    The issue is an open one in the Ninth Circuit. District
21 courts to have considered it focus their analysis on whether
22 tribal immunity is more analogous to states' immunity to suit
23 under the Eleventh Amendment, or to foreign nations' immunity
24 under the Foreign Sovereign Immunities Act of 1976, 27 U.S.C.
25 § 1602 *et seq.* Courts taking the former position have found
26 removal to constitute waiver, see, e.g., State Eng'r v. S. Fork
27 Band of the Te-Moak Tribe of W. Shoshone Indians, 66 F. Supp. 2d

2

1163 (D. Nev. 1999),[1] while courts taking the latter position have not, see, e.g., Ingrassia v. Chicken Ranch Bingo and Casino, 676 F. Supp. 2d 953 (E.D. Cal. 2009).

What distinguishes this case from these precedents (and others) is that plaintiff is a member of the Tribe. While "the doctrine of tribal immunity from suit might have been thought necessary to protect nascent tribal governments from encroachments by States," Kiowa Tribe v. Mfg. Techs., 523 U.S. 751, 758 (1998), no such concern about parochialism is presented here. Although tribal sovereign immunity is a creation of the federal courts, the immunity may equally be invoked in state and federal courts. See, e.g., People ex rel. Dept. of Transportation v. Naegele Outdoor Adver. Co., 38 Cal. 3d 509 (1985) (reversing judgment, *inter alia*, on grounds that Congress did not authorize "state regulation of outdoor advertising on Indian reservation lands"); Cal. Parking Servs. v. Soboba Band of Luiseño Indians, 197 Cal. App. 4th 814 (2011) (upholding denial of plaintiff's motion to compel arbitration on the grounds that arbitration clause did not clearly waive tribal sovereign immunity); Trudgeon v. Fantasy Springs Casino, 71 Cal. App. 4th 632 (1999) (upholding summary judgment in favor of defendants on the basis of tribal sovereign immunity). In short, there appears no principled reason for defendants to have removed the action before asserting

---

[1] While the district court amended its initial order on reconsideration, the portion of the initial order finding waiver was unaffected. See State Eng'r v. S. Fork Band of the Te-Moak Tribe of W. Shoshone Indians, 114 F. Supp. 2d 1046 (D. Nev. 2000).

immunity. The question, then, is whether, in so doing, defendants waived any immunity they may possess.

In light of the foregoing, the court hereby orders as follows:

[1] The parties are DIRECTED to provide further briefing on the following questions:

> Does an Indian tribe's removal of an action to federal court constitute a waiver of sovereign immunity? How is the analysis affected by the fact that the plaintiff in the underlying action was a tribe member?

Opening briefs are due within fourteen (14) days of docketing of this order. Reply briefs, in any, are due fourteen (14) days thereafter. Briefs may be no longer than seven (7) pages in length.

[2] The hearing on defendants' motion, currently set for hearing on January 13, 2014, is CONTINUED to March 3, 2014 at 10:00 a.m.

IT IS SO ORDERED.

DATED: January 9, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4